UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| RAYMOND PROFESSIONAL GROUP, INC., et al. | ) ) | Bankruptcy No. 06-B-16748 Hon. Jack B. Schmetterer |
| Debtor. | ) ) | (Jointly Administered) |
| | ) | |
| RAYMOND PROFESSIONAL GROUP, INC. Plaintiff, | ) ) ) | |
| v. | ) ) | Adversary No. 07-A-00639 |
| WILLIAM A. POPE COMPANY Defendant. | ) ) ) ) | |
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD Intervening Plaintiff, | ) ) ) ) | |
| v. | ) ) | |
| RAYMOND PROFESSIONAL GROUP, INC., RAYMOND PROFESSIONAL GROUP – DESIGN/BUILD, INC. and WILLIAM A. POPE COMPANY Intervening Defendants. | ) ) ) ) ) | |

**MEMORANDUM OPINION ON RAYMOND PROFESSIONAL
GROUP'S MOTION FOR JUDGMENT ON THE PLEADINGS
AS TO COUNT I OF THE POPE COUNTERCLAIM**

This Adversary proceeding arises out of the jointly administered chapter 11 bankruptcies of Raymond Professional Group, Inc. ("Raymond" or "RPG") and related debtors (the "Debtors"). On July 17, 2007, RPG filed this Adversary complaint seeking, among other things, a declaratory judgment establishing the ownership of certain bank funds. In its Amended Answer, Affirmative Defenses and Counterclaims, William A. Pope Company ("Pope" or

"Defendant") asserts that the funds are held by one or more of the Debtor entities in trust under the Illinois Mechanics Lien Act, 770 Ill. Comp. Stat. Ann. 60/21.02 (West, Westlaw through 2007 Reg. Sess.), and therefore, the funds are not property of any of the Debtors' bankruptcy estates. Counts II and III of Pope's Counterclaim were dismissed on November 21, 2007. Pending is Plaintiff-Counter-Defendant RPG's Motion for Judgment on the Pleadings as to the remaining Pope Counterclaim.

## UNDISPUTED FACTS

1. On September 12, 2000, Raymond Management Services n/k/a Raymond Professional Group – Design/Build, Inc. ("RMS" or "Design/Build") entered into a contract with AES Medina Valley Cogen, LLC ("AES") for the design and construction of a cogeneration facility in Mossville, Illinois.

2. Raymond Professional Group did not have a contract with AES.

3. In January 2001, RMS and Pope entered into a subcontract relative to the construction project. The subcontract has an effective date of September 12, 2000.

4. On September 26, 2001, RMS and Pope entered into an Interim Settlement Agreement which called for Pope to be paid $2,808,671.

5. Raymond Management Services and AES entered into a settlement agreement which called for AES to pay $2.5 million contingent upon Pope executing and delivering a final lien waiver.

6. On January 29, 2003, RMS requested a final lien waiver from Pope, which Pope delivered directly to AES, and AES deposited the $2.5 million.

## JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409.

The remaining Count 1 of Defendant's Counterclaim is a non-core proceeding pursuant to 28 U.S.C. § 157(c)(1). See In re Mulder, 307 B.R. 637, 640 (Bankr. N.D. Ill. 2004) (citing Halper v. Halper, 164 F.3d 830, 837 (3d Cir.1999)) ("In an adversary proceeding, the court separately considers whether each count of the complaint is a core proceeding, a non-core related matter, or a claim unrelated to the bankruptcy case."). It does not fall within the non-exclusive list of core proceedings in 28 U.S.C. § 157(b)(2), and does not invoke a substantive right provided by the Bankruptcy Code nor could it arise only in the context of Debtors' bankruptcy cases. By its Amended Answer to Complaint filed August 10, 2007, Pope consented to the bankruptcy court entering final orders.

## DISCUSSION

### *Standard of Review for Motion for Judgment on the Pleadings*

Raymond seeks a judgment on the pleadings pursuant to Rule 12(c) Fed. R. Civ. P., made applicable in bankruptcy proceedings by Rule 7012(b) Fed. R. Bank. P. According to Rule 12(c), "After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Rule 12(d) Fed. R. Civ. P. goes on to provide:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for

> summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

A court may consider only the contents of the pleadings when deciding a motion for judgment on the pleadings. Grochocinski v. Spehar Capital, LLC (In re CMGT, Inc.), No. 07-A-00838, 2008 WL 682427, at * 5 (Bankr. N.D. Ill. Mar. 12, 2008) (citing Alexander v. City of Chi., 994 F.2d 333, 335 (7th Cir. 1993)). "The pleadings include the complaint, the answer, and any written instruments attached as exhibits," N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend, 163 F.3d 449, 452 (7th Cir. 1998), including documents incorporated by reference in the pleadings. United States v. Wood, 925 F.2d 1580, 1582 (7th Cir. 1991).

For purposes of a motion for judgment on the pleadings, all well-pleaded allegations contained in the non-moving party's pleadings are to be taken as true. Spehar, 2008 WL 682427, at *6 (citing Gillman v. Burlington N. R.R. Co., 878 F.2d 1020, 1022 (7th Cir. 1989) (additional citations omitted)). A motion for judgment on the pleadings is determined by the same standard as is applied to a motion to dismiss for failure to state a claim under Rule 12(b)(6) Fed. R. Civ. P. Id. (citing U.S. v. Wood, 925 F.2d at 1581; Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir. 1989). Thus, it would appear that Rule 12(c) motions are subject to the retooled pleading standards announced by the Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007). See Gonzales v. Smith, 06-11215, 2008 WL 417735, at *1 (E.D. La. 2008 Feb. 13, 2008). The Seventh Circuit has not addressed the effect of Twombly on motions for judgment on the pleadings. However, it is unnecessary to reach that question here, because RPG has not demonstrated that there are no issues of material fact to be resolved. "Only when it appears beyond doubt that the plaintiff cannot prove any facts to support a claim for relief *and the moving*

*party demonstrates that there are no material issues of fact to be resolved* will a court grant a Rule 12(c) motion." Bannon v. Univ. of Chic., 503 F.3d 623, 628 (7th Cir. 2007) (quoting Moss v. Martin, 473 F.3d 694, 698 (7th Cir. 2007)) (emphasis added). The moving party must establish that no material issue of fact exists and that judgment on the pleadings is warranted by law. Spehar, 2008 WL 682427, at *6 (citing Nat'l Fid. Life Ins. Co. v. Karaganis, 811 F.2d 357, 358 (7th Cir. 1987)).

### *The Pleadings Present Disputed Issues of Material Fact*

Pope contends that the funds are held by Plaintiffs in trust pursuant to the Illinois Mechanics Lien Act. 770 Ill. Comp. Stat. Ann. 60/21.02. In its Counterclaim, Pope cites to a version of the statute that was amended effective January 1, 2006. The final lien waiver was executed and delivered in 2003. See Undisputed Fact ¶ 6. According to the Mechanics Lien Act:

> Money held in trust; trustees. Any owner, contractor, subcontractor, or supplier of any tier who requests or requires the execution and delivery of a waiver of mechanics lien by any person who furnishes labor, services, ~~or materials~~ material, fixtures, apparatus or machinery, forms or form work for the improvement of a lot or a tract of land in exchange for payment or the promise of payment, shall hold in trust ~~the unpaid sums subject to~~ the sums received by such person as the result of the waiver of mechanics lien, as trustee for the person who furnished the labor, services, ~~or material~~ material, fixtures, apparatus or machinery, forms or form work or the person otherwise entitled to payment in exchange for such waiver.

770 Ill. Comp. Stat. Ann. 60/21.02(a) (West 2001 & Supp. 2007) (effective Jan. 1, 2006). The underlined portions of the quoted text were added by the 2006 amendment, and the stricken portions were deleted. "Amendatory statutes generally operate prospectively," Hosp. Emp. Labor Program of Metro. Chicago v. Ridgeway Hosp, 570 F.2d 167, 169 (7th Cir. 1978), and therefore, the pre-amendment version applies in this case.

Raymond's Motion attacks Pope's reliance on the version of the statute that was not enacted at the time the alleged trust vested. According to RPG, "The only explanation for Pope's conduct is that Pope attempts to mislead the Court and its current reference to the non-existent '2003 version' of Section 21.02 demonstrates that Pope continues to employ the same misguided tactic."[1] (Plaintiff's Reply at 4.) However, RPG does not explain why this distinction between the pre- and post-amendment statute entitles it to judgment on the pleadings as a matter of law.

As a threshold matter, counsel for both parties would be well advised to consult the *Standards for Professional Conduct Within the Seventh Federal Judicial Circuit: Lawyers' Duties to Other Counsel*, which states in part: "(4) We will not, absent good cause, attribute bad motives or improper conduct to other counsel or bring the profession into disrepute by unfounded accusations of impropriety." *Available at* http://www.ca7.uscourts.gov/Rules/rules.htm#standards (last visited Apr. 2, 2008). The parties' briefs on the pending Motion, and other filings in the bankruptcy proceeding and related Adversaries, are replete with accusations by both parties of alleged efforts by their adversary to mislead the court by misconstruing the facts and law. Such arguments ill serve their clients and adversely affect counsels' credibility.

---

[1] Raymond's objection to Defendant's citation to the "2003 version" of the statute is irrelevant to the discussion of which version of the statute applies in this case. As a matter of proper Bluebook citation, the year of code refers to "the year that appears on the spine of the volume, the year that appears on the title page, or the latest copyright year — in that order of preference." The Bluebook: A Uniform System of Citation R. 12.3.2, at 105 (Columbia Law Review Ass'n et al., 18th ed. 2005). It does not refer to the effective date of the statute, although that information can be provided in an explanatory parenthetical phrase. Id. R. 12.7, at 109. Rule 12.2.1 provides the correct citation form for a statute no longer in force. Id. R. 12.2.1, at 102. The correct citation form is as follows: Illinois Mechanics Lien Act § 21.02, 770 Ill. Comp. Stat. Ann. 60/21.02 (West 2001), *amended by* 770 ILCS 60/21.02 (Supp. 2007). Id. R. 12.6.3, at 108. Thus, RPG's citation to "the 1997 language" is equally inapposite. A party that relies on a trivial citation technicality ought to abide by those technicalities, including providing pinpoint citations to case law that it wants the court to rely on.

Document      Page 7 of 9

Raymond reaches the substance of its argument in its Reply brief. It argues that Defendant's ability to impose a trust under the pre-amendment version of the statute is limited to "the unpaid sums subject to" the final lien waiver. Raymond cites In re Tonyan, 28 B.R. 714, 724-25 (Bankr. N.D. Ill. 1983), for the proposition that "unpaid sums subject to the waiver of mechanics liens" means "that the specific amount described in a subcontractor's waiver as being paid to the general contractor on the subcontractor's behalf that the general contractor did not pay to the subcontractor are held in trust." (See RPG Reply at 5.) One has to wonder how a case decided in 1983 could interpret statutory language that was not enacted until 1997 as RPG argues. (See id. ("Tonyan addressed the 1997 language of Section 21.02....").) Rather, In re H.G. Prizant & Co., 257 F. Supp. 145, 147 (N.D. Ill. 1965), and its progeny, including Tonyan, represent a line of common law cases impressing an equitable lien or trust upon funds held by a general contractor, despite the execution of a lien waiver for the benefit of the project owner, in order to carry out the remedial purposes of the Mechanics Lien Act. See also 3 Bruner & O'Connor Construction Law § 8:41 n.18 (2007) (citing Hudson v. Caterpillar Tractor Co., 453 N.E.2d 880, 882-83 (Ill. App. Ct. 1983)). Thus, Tonyan may be persuasive authority concerning the scope of the final lien waiver, but it does not establish that RPG is entitled to judgment on the pleadings as a matter of law.

Most significant for purposes of deciding the present Motion, it is admitted in RPG's Answer to ¶¶ 27 and 28 of the Counterclaim that Pope was asked for a final lien waiver, and that the $2.5 million in issue was deposited into an account. It is alleged in those paragraphs but not admitted that, when Pope's final lien waiver was requested, Pope then required that the $1.5 million at issue herein be moved into the "Initial Account." (¶ 27.) It is further alleged but not

admitted that once the lien waiver was delivered the $2.5 million was then moved into the "Initial Account." (¶ 28.)

As to whether the $2.5 million comprised "the unpaid funds subject to the waiver of mechanic's lien" under the statute, that remains to be determined by evidence including the wording of the waiver document and other circumstances. Considering the foregoing allegations, both those admitted and those to which Counter-Defendant claims lack of knowledge but must be taken as true for purposes of this Motion, it can hardly be said that there is no issue to be tried under the statute even if the lien release said what is asserted.

As a secondary ground for denying the Motion, no copy of the final lien waiver is attached to the pleadings and, therefore, it is impossible to determine as a factual matter the amount of the "unpaid sums" referred to in that document under RPG's legal theory. According to RPG, "Pope attested that it gave the waiver for and in consideration of ten dollars ($10), and ... that it had been paid this sum." (RPG Reply at 5.) Raymond's reference to and reliance on the content of the final lien waiver is outside of the pleadings, and itself raises an issue of material fact. The parties' briefs refer to the existence of a final lien waiver, but this is insufficient for incorporation by reference so that it can be considered part of the pleadings. <u>Reske v. City of Chicago</u>, 85 C 4681, 1985 WL 2677, at *2 (N.D. Ill. Sep. 23, 1985) (Incorporation by reference "must be done with a degree of clarity which enables the responding party to ascertain the nature and extent of the incorporation.").

Raymond complains that Defendant did not attach a copy of the final lien waiver to its Counterclaim, (RPG Reply at 5), but "[a] plaintiff is under no obligation to attach to [its] complaint documents upon which [its] action is based..." <u>Venture Assocs. Corp. v. Zenith Data</u>

Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993), and is discouraged from attaching extraneous evidentiary material. Perkins v. Silverstein, 939 F.2d 463, 467 (7th Cir. 1991). Raymond could have attached the final lien waiver to its Motion for judgment on the pleadings. Venture Assocs., 987 F.2d at 431 ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." (Additional citations omitted)). However, RPG failed to do so. Litigants who have failed to take action will not be treated as having done that which could have been done. When the parties had completed briefing the pending Motion, RPG's counsel unequivocally stated on the record in open court that their Motion did not rely on any matters outside the pleadings.

But, as noted, this is a secondary ground for denying the Motion and a cure of that deficiency would not solve the movant's problem.

## CONCLUSION

For the foregoing reasons, a separate Order will be entered denying Plaintiffs' Motion for judgment on the pleadings, and the case will be set for trial.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 9th day of April 2008.