## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| RAYMOND PROFESSIONAL GROUP, INC., ) | |
| et al., ) | Bankruptcy No. 06 B 16748 |
|     Debtors. ) | |
| ──────────────────────────── ) | |
| RAYMOND PROFESSIONAL GROUP, INC., ) | |
| et. al. ) | |
|     Plaintiff, ) | |
| ) | |
| RAYMOND MANAGEMENT SERVICES, ) | |
| INC. n/k/a RAYMOND PROFESSIONAL ) | |
| GROUP–DESIGN/BUILD, INC., ) | |
|     Co-Plaintiff to Count VI ) | |
|     v. ) | Adversary No. 07 A 00639 |
| ) | |
| WILLIAM A. POPE COMPANY ) | |
|     Defendant. ) | |
| ──────────────────────────── ) | |
| WILLIAM A. POPE COMPANY, ) | |
|     Counter-Plaintiff as to Count VI ) | |
|     v. ) | |
| ) | |
| RAYMOND PROFESSIONAL GROUP, INC. ) | |
| and RAYMOND MANAGEMENT SERVICES, ) | |
| INC. n/k/a RAYMOND PROFESSIONAL ) | |
| GROUP–DESIGN/BUILD, INC., ) | |
|     Counter-Defendants. ) | |
| ──────────────────────────── ) | |
| NATIONAL FIRE INSURANCE COMPANY ) | |
| OF HARTFORD, a Connecticut Corporation ) | |
|     Intervening Plaintiff ) | |
|     v. ) | |
| ) | |
| RAYMOND PROFESSIONAL GROUP, INC., ) | |
| RAYMOND PROFESSIONAL GROUP– ) | |
| DESIGN/BUILD, INC. and ) | |
| WILLIAM A. POPE COMPANY ) | |
|     Intervening Defendants. ) | |

**AMENDMENT TO FINDINGS OF FACT AND CONCLUSIONS
OF LAW ENTERED AFTER TRIAL [Docket No. 415] ON COUNT VI**

The Findings of Fact and Conclusions of Law dated and entered herein on July 21, 2009, are hereby amended substituting this Amended Conclusion for the "Conclusion" contained therein, (at pp. 52-53), which is hereby withdrawn:

## AMENDED CONCLUSION

Pursuant to the foregoing Findings of Fact and Conclusions of Law as hereby amended, William A. Pope Company ("Pope") will recover judgment declaring that all funds in the Account in issue are impressed with a statutory trust pursuant to section 21.02 of the Illinois Mechanics Lien Act as to which Pope is sole beneficiary. That account and those funds are not property of the bankruptcy estate of either Raymond Professional Group, Inc. or Raymond Management Services Incorporated n/k/a Raymond Professional Group–Design/Build, Inc. ("RMS").

### *The Statutory Trust*

1.  On March 6, 2001, RMS provided a Sworn Contractor's Affidavit in connection with its February 2001 Project invoice to AES which stated that Pope's balance to complete the Project was $3,198,057.34.[1] (FOF 174.) That Sworn Contractor's Affidavit served to put AES on notice of Pope's lien claim under section 5 of the Illinois Mechanics Lien Act (the "Act"). 770 ILCS 60/5. Therefore, pursuant to section 27 of the Act, AES was required to "retain from any money due or to become due the contractor, an amount sufficient to pay all demands that are or will become due such sub-contractor . . . of

---

[1] This amount is substantially consistent with the Contractor's Affidavit attached to Pope's January 30, 2003 Final Lien Waiver which reflects that Pope then claimed the difference between the total contract amount of $22.9 million and the $19,656,738.54 paid to that date, or $3,243,261.46.

whose claim he is notified, and shall pay over the same to the parties entitled thereto."
770 ILCS 60/27.

2. After November 2001, disputes existed between AES and RMS regarding approximately $1 million withheld as retainage, and approximately $2.8 million for contract change orders. (FOF 317.) On June 6, 2002, RMS recorded a lien against the real estate on which the Project is located for approximately $3.8 million. (FOF 320-21.) At trial, nobody offered the recorded RMS lien to show what amounts were listed as being due to RMS or RMS' subcontractors including Pope, but it must be found and concluded from the RMS March 6, 2001 Sworn Contractor's Affidavit that RMS' lien claim was the difference between its total recorded lien of $3.8 million and the $3,198,057.54 shown on the RMS March 6, 2001 Sworn Contractor's Affidavit as Pope's "Balance to Complete", or only $601,942.40.

3. All funds in the account now held at JP Morgan Chase, NA in account number XXXXXX5099 under the name of "Raymond Professional Group, Inc. DIP", a debtor in possession account related to bankruptcy case 06-B-16748, originated as follows:

   a. In February 2001, an account was opened at American National Bank & Trust Company bearing account number XXXXXX7555 in the name of "Raymond Professional Group Inc/Pope Acct." (the "Initial Account" as defined by the parties and referenced in the Findings and Conclusions). (FOF 122, 125.) The Initial Account, which required the dual signatures of Douglas Chidley (President of RMS) and Paul Troyke (President of Pope) to make disbursements from or changes to the Account, was referred to by the bank as a "control account". (FOF

124.) The Initial Account was funded by two deposits totaling $2,134,930 which represented excess project funds from AES as of January 31, 2001, (FOF 162-67), as well as a number of other deposits that came directly from AES or indirectly from AES out of monies paid to RMS. (See JTEx 211.) Some of those funds were used to pay Pope and Pope subcontractors. (Id.)

b. On February 4, 2003, AES caused $2.5 million to be deposited into the Initial Account in settlement of RMS' mechanics lien claims against AES, which included claims by Pope as a subcontractor of RMS. (FOF 367.) There was no evidence presented or admitted at trial establishing whether there was any balance in the Initial Account prior to the February 4, 2003 deposit.

c. As a result of various bank mergers, the Initial Account came to be deposited at Bank One. (FOF 373-74.)

d. On March 12, 2003, RMS and Pope agreed to transfer the funds in the Initial Account to a new account at Bank One. (FOF 381-84.) The new account bore the account no. XXXXXX5099 in the name of "Raymond Professional Group–Pope Joint Account" (the "Current Account" as defined by the parties and referenced in the Findings and Conclusions). (FOF 387.) The Current Account was subject to the same dual signature requirements as the Initial Account. (FOF 408.)

e. As a result of various bank mergers, the Current Account came to be deposited at JP Morgan Chase. (FOF 420.)

f. After Raymond Professional Group, Inc. ("RPG") and its subsidiaries, including RMS, filed their bankruptcy petitions on December 18, 2006, Jean Chidley, an

officer of RMS, arranged with the bank, but without authorization from Pope, to change the name of the Account to "Raymond Professional Group, Inc. DIP" (the "RPG DIP Account"). (FOF 510-13.) The account number was not changed as part of the RPG DIP Account name change. As found in the Findings and Conclusions, neither RMS nor the bank had permission from Pope or any other authority to make that name change.

g. As of June 30, 2009, the funds on deposit, including accrued interest, amounted to $3,331,121 subject to the further accrual of interest thereafter. (Docket No. 414.)

4. Pursuant to section 21.02 of the Illinois Mechanics Lien Act, 770 ILCS 60/21.02, all funds deposited in the Initial Account on February 4, 2003, and interest accrued thereon, were on that date impressed with a statutory trust in favor of both Pope and RMS as to the lien claims to which AES had notice by virtue of the RMS March 6, 2001 Sworn Contractor's Affidavit and the RMS June 6, 2002 recorded lien, and for which both RMS and Pope provided Final Waivers of Lien on or about January 30, 2003. The parties' respective trust rights were subject to resolution of disputes and claims between them, and such statutory trust continued as to the Current Account and RPG DIP Account until those claims and disputes were resolved.

5. At no point since February 4, 2003, has the Initial or Current Account, or the RPG DIP Account, contained funds sufficient to satisfy all lien claims of RMS and Pope. Therefore, regardless of whether or not the Initial Account contained any balance prior to the $2.5 million deposit on February 4, 2003, all funds on deposit in the Account were

impressed with a statutory trust for the benefit of RMS and Pope pursuant to section 21.02 of the Act.

6. In Adversary proceeding 07-A-00137, Judgment was entered and docketed on December 23, 2008, confirming the Arbitration Award which had found that RMS owed Pope $3,634,714 on their Subcontract and that RMS was due nothing from Pope. That amount due to Pope exceeds the amount on hand in the RPG DIP Account. Under Rule 8002(a) Fed. R. Bankr. P., that Judgment became final and unappealable ten days later on January 2, 2009. Consequently, no monies at all are due to RMS and its mechanics lien trust claim which arose on February 4, 2003, is valueless. See <u>Golfview Dev'l Ctr., Inc. v. All-Tech Decorating Co. (In re Golfview Dev'l Ctr., Inc.)</u>, 309 B.R. 758, 769 n.3 (Bankr. N.D. Ill. 2004) (finding that where nothing is due on a contract for the improvement of real property, the contractor may not bring a claim under the Mechanics Lien Act).

7. Accordingly, all funds in Account number XXXXXX5099 are impressed with a statutory trust pursuant to section 21.02 of the Illinois Mechanics Lien Act as to which William A. Pope Co. is, and has been since January 2, 2009, the sole beneficiary. Accordingly, Pope will recover all funds in that Account.

### *Other Issues*

8. The Initial and Current Accounts are not and never were escrow accounts.

9. Pope's counterclaims as to constructive trust and resulting trust, and its defense of equitable estoppel are without merit, and Pope will recover nothing by those claims.

10. Raymond Professional Group Inc. and Raymond Management Services will each recover nothing by their claims in Count VI.

11. The claims of National Fire Insurance Company of Hartford are to be dismissed without prejudice for lack of subject matter jurisdiction.

12. Finally, the Committee of Unsecured Creditors will recover nothing by its Intervening Complaint in Count VI.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 14th day of August, 2009.