**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE )<br>)<br>RAYMOND PROFESSIONAL GROUP, INC., )<br>et al., )<br>       Debtors. )<br>RAYMOND PROFESSIONAL GROUP, INC., )<br>et. al. )<br>       Plaintiff, )<br>)<br>RAYMOND MANAGEMENT SERVICES, )<br>INC. n/k/a RAYMOND PROFESSIONAL )<br>GROUP–DESIGN/BUILD, INC., )<br>       Co-Plaintiff to Count VI )<br>   v. )<br>)<br>WILLIAM A. POPE COMPANY )<br>       Defendant. )<br>WILLIAM A. POPE COMPANY, )<br>       Counter-Plaintiff as to Count VI )<br>   v. )<br>)<br>RAYMOND PROFESSIONAL GROUP, INC. )<br>and RAYMOND MANAGEMENT SERVICES, )<br>INC. n/k/a RAYMOND PROFESSIONAL )<br>GROUP–DESIGN/BUILD, INC., )<br>       Counter-Defendants. )<br>NATIONAL FIRE INSURANCE COMPANY )<br>OF HARTFORD, a Connecticut Corporation )<br>       Intervening Plaintiff )<br>   v. )<br>)<br>RAYMOND PROFESSIONAL GROUP, INC., )<br>RAYMOND PROFESSIONAL GROUP– )<br>DESIGN/BUILD, INC. and )<br>WILLIAM A. POPE COMPANY )<br>       Intervening Defendants. ) | Bankruptcy No. 06 B 16748<br><br><br><br><br><br><br>Adversary No. 07 A 00639 |

**MEMORANDUM OPINION ON RAYMOND PROFESSIONAL GROUP'S AND RAYMOND MANAGEMENT SERVICE'S AMENDED MOTION TO ALTER OR AMEND JUDGMENT IN COUNT VI OR, IN THE ALTERNATIVE, FOR RELIEF FROM JUDGMENT**

**I. PROCEDURAL POSTURE**

With consent of the parties, Count VI of this Adversary Proceeding was severed for trial. Findings of Fact and Conclusions of Law [Docket No. 415] ("Findings and Conclusions") were entered on July 21, 2009, following trial on that Count, and an Amendment to the Findings and Conclusions [Docket No. 428] was entered on August 14, 2009. Pursuant thereto, a Final Order of Judgment [Docket No. 430] was entered on Count VI on August 14, 2009. The Judgment held and declared that William H. Pope Company ("Pope") is entitled to all funds in the disputed account and that those funds are not property of the bankruptcy estates of either Raymond Professional Group, Inc. ("RPG") or Raymond Professional Group—Design/Build, Inc. f.k.a. Raymond Management Services Incorporated ("RMS") (collectively "Raymond"). That holding was grounded on a determination that Pope holds a lien under the Illinois Mechanics Lien Act against the account in issue, a lien that encompasses all funds in the account because RMS was found to be entitled to no moneys under the arbitration award determining contractual rights between Pope and RMS. It was found through the arbitration and later confirmed in an adversary proceeding here that RMS is due nothing and Pope is due even more than the account holds. (Findings & Conclusions 11–12, app. ¶¶ 484, 496.) *See also Raymond Mgmt. Servs. v. William A. Pope Co. (In re Raymond Prof'l Group, Inc.)*, No. 07-A-00137, 397 B.R. 414 (Bankr. N.D. Ill. 2008) at Docket Nos. 56, 59, *supplemented by* 400 B.R. 621 (Bankr. N.D. Ill. 2008) at Docket Nos. 62, 63. It was also held that RPG had no contractual or other rights to claim the fund, and held possession of the money in a Debtor-in-Possession Account through an unauthorized transfer of the fund that was separately ordered to be reversed. (Final Order of Judgment ¶ 2; Order in Count VI Granting Pope's Motion to Release All Funds [Docket No. 456].)

On August 16, 2009, both Raymond entities filed a timely motion under Rules 59 and 60 Fed. R. Civ. P. (made applicable in bankruptcy by Rules 9023 and 9024 Fed. R. Bankr. P.) to alter or amend the judgment or for relief from judgment [Docket No. 434]. Raymond's Amended Motion to Alter or Amend Judgment or, in the Alternative, for Relief from Judgment [Docket No. 440] ("Amended Motion" or "the Raymond Motion") was filed on August 24, 2009, is now pending, and has been briefed by the parties. The remaining Counts I through V of this Adversary Proceeding are still pending and undetermined.

## II. LEGAL STANDARDS

### A. Motion to Alter or Amend the Judgment under Rule 59(e) Fed. R. Civ. P.

A party may file a motion to alter or amend a judgment within ten days after entry of the judgment. Fed. R. Civ. P. 59(e). A court may grant the motion "if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996) (*citing Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). Raymond does not offer to present any new evidence, so it must show a manifest error of law or fact. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (*quoting Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)) (upholding district court's denial of motion to alter or amend when movant "merely took umbrage with the court's ruling and rehashed old arguments").

### B. Motion for Relief from Judgment under Rule 60(b) Fed. R. Civ. P.

"On motion and just terms, the court may relieve a party or its legal representative from a

final judgment, order, or proceeding" for certain enumerated grounds. Fed. R. Civ. P. 60(b). "As a general rule, 'relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances.'" *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (*quoting Reinsurance Co. of Am. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1277 (7th Cir. 1990)).

The Raymond parties base their motion on two cited grounds under Rule 60(b). The first is "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Although this ground for relief "applies to errors by judicial officers as well as parties," *Brandon v. Chi. Bd. of Educ.*, 143 F.3d 293, 295 (7th Cir. 1998), it does not cover legal error by the court, *Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1017–18 (7th Cir. 2002); *Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 697–98 (7th Cir. 2000) (wrongly excluding evidence, misinterpreting evidence presented, and not understanding movant's theory of the case are not grounds for relief). Instead, the movant must show that the court committed some nonlegal mistake that could not be corrected on appeal. *See Marques*, 286 F.3d at 1017–18.

Raymond's second asserted ground for relief is the catch-all "any other reason that justifies relief" under Fed. R. Civ. P. 60(b)(6). This catch-all is available only when the asserted ground for relief does not fall within one of the grounds under Rule 60(b)(1)–(3). *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). But Rule 60(b)(6) "is not an appropriate place to slip in arguments that should have been made earlier." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (*citing Cassie Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.")).

## III. DISCUSSION

The Raymond Motion as amended makes three arguments. First, it claims that several issues that Raymond argued as part of the Count VI trial were not addressed. Second, it contends that final judgment cannot be entered on Count VI while RPG's other issues raised by its pleadings in Counts I through V are unresolved, particularly referring to the issues in Count III. Third, it argues that the final pretrial order was improperly construed and applied.

### A. Issues Argued by Raymond Were Either Addressed in the Findings and Conclusions or Were Not Pleaded in Count VI

Raymond first argues that the Findings and Conclusions did not address several issues that were argued during the Count VI trial. (Am. Mot. ¶ 4–6.) Specifically, it asserts that the ruling should have addressed (1) whether Pope received an avoidable preference, (2) whether Pope waived its mechanics lien rights in the Interim Settlement Agreement, (3) whether Pope is bound by promissory estoppel, and (4) whether Pope is bound by a supposed admission by its officer. (Am. Mot. ¶ 5.)

#### *1. The Ruling Could Not Address the Preference Claim Pending in Count III, Since that Count Was Not on Trial and the Claim Was Not Pleaded in Count VI*

Raymond's first "unaddressed" issue is whether Pope's interest in the disputed account was received through an avoidable preference under 11 U.S.C. § 547(b). (Am. Mot. ¶ 5(1).) Section 547(b) provides that:

> the trustee may avoid any transfer of an interest of the debtor in property—
> (1)   to or for the benefit of a creditor;
> (2)   for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3)   made while the debtor was insolvent;
> (4)   made—
>    (A)   on or within 90 days before the date of the filing of the petition; or

    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
  (5) that enables such creditor to receive more than such creditor would receive if—
    (A) the case were a case under chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment on such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b) (2006). This issue was and remains presented in Count III of PRG's Complaint, which contends that the arbitration award issued just prior to the bankruptcy filing effected a preferential transfer under § 547(b) of the Bankruptcy Code. (Compl. ¶¶ 287–96.) Count VI was severed and tried alone, and that Count sought a declaration whether or not Pope owned the bank account at issue. The preference issue was not pleaded nor was preference relief prayed for in Count VI. Accordingly, the preference issue in Count III was neither briefed nor ruled upon because it was not tried along with Count VI.

  While Count III has not yet been adjudicated, and could not have been adjudicated because it has not yet been tried and no dispositive motion has been presented as to that Count, the parties have been invited from the bench to give their positions on that and other remaining counts. Neither party has yet requested a trial date on Count III or moved for summary judgment on that Count. It may be that no further evidence need be taken to permit ruling on the preference issue given the facts already found at the trial on Count VI. (*See* Raymond Am. Mot. ¶ 8 n.1.) Whether Raymond can demonstrate that some "transfer" under § 547(b) has occurred because the arbitration panel found the amount due to Pope remains to be determined. A status hearing has been set on September 17, 2009, for the parties to comment on all remaining claims, counterclaims, and cross-claims. (Order Setting Status on Counts 1, 2, 3, 4, and 5 [Docket No. 458].) At that hearing a trial date might be set

for Count III, or the parties might announce an intent to move for summary judgment. Until then, Count III still pends.

The argument that there was error in not adjudicating Count III, which was not ever tried, is frivolous given the lack of comparable allegations in Count VI. Indeed, many weeks have passed since judgment was entered on Count VI without any request for trial or summary judgment motion by either side as to Count III, despite this evident need if any party truly seeks adjudication on Count III.

### *2. Pope Did Not Waive its Mechanics Lien Rights in the Interim Settlement Agreement*

The next supposedly unaddressed issue is whether Pope waived its mechanics lien rights in the Interim Settlement Agreement. (Am. Mot. ¶ 5(2)–(4).) However, the lien waiver argument was addressed. It was discussed and held that the issue was moot because the owner AES had accepted the September 26, 2001, Lien Waiver and that Raymond waived this issue by not raising it before trial. (Findings & Conclusions 18–19 n.5.)

In any event, Raymond cannot prevail on this issue. Raymond first argues that, because a mechanics lien claimant who accepts a note from a surety waives his lien rights, Pope waived its mechanics lien rights by agreeing to rely on Raymond's payment bond to secure any further payments owed to Pope. (Raymond Proposed Findings of Fact and Conclusions of Law [Docket No. 328] ¶¶ 516, 522 (*citing George S. Lyon & Sons Lumber & Mfg. Co. v. Equitable Loan & Inv. Ass'n*, 50 N.E. 1006 (Ill. 1898); *Kankakee Coal Co. v. Crane Bros. Mfg. Co.*, 27 N.E. 935 (Ill. 1891); *Cosgrove v. Farwell*, 114 Ill. App. 491 (1904)).) That was the ruling in the cases that Raymond relies on, but the Illinois Mechanics Lien Act has since changed. That Act now specifically provides that "[t]he taking of additional security by the contractor or sub-contractor is not a waiver of any right

7

of lien which he may have by virtue of this Act, *unless made a waiver by express agreement of the parties* and the waiver is not prohibited by this Act." 770 Ill. Comp. Stat. 60/1(c) (emphasis added); *accord Alton-Germania Bldg. & Loan Ass'n v. Glass*, 186 Ill. App. 488 (1914) (applying precursor to section 1(c) of the Illinois Mechanics Lien Act, enacted in 1903, rather than *George S. Lyon & Sons Lumber & Mfg. Co.* and similar cases).

In this case, the Interim Settlement Agreement does not contain an express waiver of Pope's mechanics lien rights. Paragraph 3 of the Agreement stated in full:

> Immediately upon the deposit and payment described in Paragraph 1 above, Pope agrees to execute and deliver to Raymond a document in a form reasonably acceptable to both parties and AES Medina Valley Cogen, L.L.C. releasing the lien claim asserted by Pope as described above. This document shall not be delivered to AES Medina Valley Cogen, L.L.C. until such time as Raymond delivers its final waiver on the Project to AES Medina Cogen, L.L.C. *Provided that Raymond performs in accordance with this Agreement*, Pope agrees not to file or assert any further mechanic's liens pertaining to or arising out of the Project. Raymond, Pope and CNA agree that Pope will rely on Raymond's payment bond to secure any further payments owed to Pope or its subcontractors for the Project. CNA hereby agrees to waive any and all defenses relative to Pope's payment bond claim or claims that arise or may arise in connection with or by virtue of the acts and undertakings of Pope as provided for in this Interim Settlement Agreement, except as provided for this Paragraph, CNA continues to reserve all other rights it may have including but not limited to the right to dispute that Pope is a proper claimant under Raymond's payment bond.

(Findings & Conclusions app. ¶ 202; JTEx 85 (emphasis added).) Pope's offer in the Agreement not to assert further mechanics lien rights was expressly conditioned on RMS's performance under the Agreement. RMS promised in the Agreement to deposit $371,3523.41 into the disputed account immediately and an additional $500,000 within sixty days, and RMS did so. (Findings & Conclusions app. ¶¶ 200, 201, 226–30, 235–41, 268–72.) But RMS also agreed to pay Pope a further $2.8 million from the account after various subcontractors had been paid (*Id.* ¶¶ 204, 206.) RMS did

not do that: it paid Pope only $220,000. (Findings & Conclusions 8, app. ¶¶ 273–76.) Because RMS did not perform under the Agreement, Pope did not waive its mechanics lien rights. Raymond's argument is essentially that despite its failure to fulfill its contractual duties and promise made a condition in the Agreement to pay almost $2.6 million, Pope lost any right to recover the balance due on its contract with RMS and lost its mechanics lien rights, an argument of no possible merit.

### 3. *Promissory Estoppel Did Not Bind Pope*

The third supposedly unaddressed issue is promissory estoppel. (Am. Mot. 5(5).) In fact, that issue was addressed. It was held in part that the promissory estoppel argument was moot because the owner AES accepted the September 26, 2001, Lien Waiver and that Raymond had waived the argument by not raising it before trial. (Findings & Conclusions 18–19 n.5.) But the merits of the promissory estoppel argument were also clearly and specifically addressed:

> Furthermore, it is found and held that Pope did not make any asserted misrepresentation supporting any promissory estoppel. According to paragraph 3 of the ISA, "Provided that Raymond performs in accordance with this Agreement, Pope agrees not to file or assert any further mechanic's liens pertaining to or arising out of the Project." (JTEx 85.) First, in order to be actionable the alleged misrepresentation has to be of a past fact, and not of some speculative future event. In addition, it is found and held that Pope performed in accordance with paragraph 3 of the ISA. Pope withdrew its Notice of Claim of Subcontractor on September 27, 2001. (FOF 252-53.) However, for the reasons discussed below, AES was on notice by virtue of the RMS March 6, 2001 Sworn Statement that Pope had an inchoate lien. AES requested the January 30, 2003 Final Lien Waiver based on the notice from RMS, and not as a result of any mechanics lien filed or asserted by Pope. Therefore, Pope did not make any actionable misrepresentation.

(Findings & Conclusions, *id.*)

Given the forgoing discussion and rulings, it is frivolous for the Raymond parties to argue that the promissory estoppel argument was not addressed.

### *4. Pope Is Not Bound by Any Judicial Admission*

The fourth supposedly unaddressed issue is whether Pope is bound by a statement contained in an affidavit of its officer filed in Pope's separate state court action against the National Fire Insurance Company of Hartford. (Am. Mot. ¶ 5(6).) "When a party in a lawsuit makes an admission in its pleadings or in its answer to a request for admissions, it makes a judicial admission that can determine the outcome of that lawsuit." *Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996) (*citing* Fed. R. Civ. P. 36(b); *Murrey v. U.S.*, 73 F.3d 1448, 1455 (7th Cir. 1996)). "But a statement made in one lawsuit cannot be a judicial admission in another. It can be *evidence* in the other lawsuit, but no more." *Id.* (citations omitted) (emphasis in original). Even then, to be competent evidence the previous statement must be a statement of fact, not a legal conclusion. *Id.*

On November 21, 2008, Pope filed in the state court case a response to a motion to dismiss the case pending there, attaching an affidavit by Pope's president, Paul L. Troyke. (Findings & Conclusions app. ¶ 258; JTEx 339.) In that affidavit, Troyke stated in part:

> As stated in the [Interim Settlement Agreement ("ISA")], on behalf of POPE, I agreed to release POPE's mechanic's lien claim against the owner of the Project in consideration for, among other things, NFIC's agreement to "waive any and all defenses relative to Pope's payment bond claim." After execution of the ISA, POPE released its mechanic's lien claim on the Project.

(Findings & Conclusions app. ¶ 258; JTEx 339 ex. A ¶ 6.) Under the cited precedent, Troyke's statement in the state court proceeding could not be a binding judicial admission in this bankruptcy adversary proceeding. Further, whether Pope waived its mechanics lien rights is a legal question. Therefore, Troyke's statement was a legal conclusion, not competent evidence as to whether a waiver occurred. Nonetheless, his statement was admitted into evidence and was considered in light of all the evidence. As discussed earlier, Pope did not waive its mechanics lien rights in the Agreement,

notwithstanding Troyke's statement. (*See supra* Part III.A.2.) Because Troyke's statement was not a judicial admission and the legal effect of the Agreement was to the contrary, the Troyke statement did not establish that Pope waived any rights to its claim under the Illinois Mechanics Lien Act. Therefore, the judicial admission issue has no merit.

Simply put, each of Raymond's supposedly unaddressed issues has already been addressed or is of no merit. Therefore, Raymond has not shown a manifest error of law or fact, as required for relief under Rule 59(e), or a nonlegal mistake that could not be addressed on appeal, as required for relief under Rule 60(b).

## B. Relief from Judgment Pending Full Adjudication of All Claims

Raymond's second ground for altering or amending the judgment is that the judgment does not address all the claims to the funds set out in RPG's Complaint. (Am. Mot. ¶¶ 7–8.) Specifically, Raymond argues that a final judgment on Count VI cannot be entered until Count III is decided. (*Id.* ¶ 8.) As discussed earlier, Count III cannot yet be adjudicated because it has not yet been tried or dealt with by motion for summary judgment, (*see supra* Part III.A.1), and neither Pope nor the Raymond parties have moved for adjudication of Count III. If Raymond is actually seeking to stay execution of the judgment pending disposition of Count III, it might be possible to consider this relief under Rule 62(h) Fed. R. Civ. P. ("A court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered."), but a stay in Count VI is not available as a matter of right under Rules 59(e) and 60(b).

**C. The Pretrial Order Was Properly Applied on Issues as to Which the Raymond Position Has No Merit**

Raymond's third asserted ground for altering or amending the judgment is that the Final Pretrial Order was improperly construed and that Raymond should not have been held to have waived any issues. (Am. Mot. ¶¶ 9–17.) Final pretrial orders are designed to prevent unfair surprise and give parties an opportunity to fairly prepare for an defend against new claims. *In re GGSI Liquidation, Inc.*, 351 B.R. 529, 596 (Bankr. N.D. Ill. 2006) (*citing Gorlikowski v. Tolbert*, 52 F.3d 1439, 1443–44 (7th Cir. 1995)). Therefore, claims and defenses not raised by filings required under a pretrial order are deemed waived. *SNA Nut Co. v. Haagen-Dazs Co.*, 302 F.3d 725, 732 (7th Cir. 2002) (*citing Gorlikowski*, 52 F.3d at 1444).

In this case, the Final Pretrial Order provided in part:

> Five (5) days prior to the trial, each party shall file with the Court and serve on opposing parties proposed detailed Findings of Fact and Conclusions of Law. Conclusions of Law must cite authority and must at the outset state this Court's jurisdiction. A trial brief may be filed with the proposed Findings and Conclusions if desired, but the filing of such brief will not excuse the filing of draft proposed Findings and Conclusions. Any party not filing proposed Conclusions of Law or a brief may be found to have waived legal issues not thereby presented. Any party not filing proposed Findings of Fact may be found to have withdrawn any dispute as to fact findings proposed by the other side.

(Second Am. Final Pretrial Order as to Count VI [Docket No. 239], at 3). Raymond essentially argues that the only way it could have waived a legal issue was by not submitting any proposed Conclusions of Law. (Am. Mot. ¶¶ 9–12.) By this logic, Raymond could file any vague proposed Conclusions of Law no matter how deficient or insubstantial, or no proposed Conclusions at all, and then raise an infinite number of alternative issues after trial. This result is clearly contrary to precedent; a ruling as to waiver was warranted under precedent cited in the original Findings and

Conclusions entered herein. (*See* Findings & Conclusions 18–19 n.5.)

Even if the Raymond parties had not waived their promissory estoppel and mechanics lien waiver arguments, they could not prevail on these issues. As discussed earlier, it was held and concluded that these issues were moot (Findings & Conclusions 18–19 n.5; *see supra* Part III.A.2–4), but more significantly, the merits of the promissory estoppel and waiver arguments were discussed and resolved in favor of Pope and against Raymond (*see supra* Part III.A.2–4). The Raymond's attempt to reargue theses issues on a motion under Rules 59 and 60 is improper.

## IV. CONCLUSION

Raymond has not shown a manifest error of law or fact, as required for relief under Rule 59(e), or a nonlegal mistake that could not be addressed on appeal, as required for relief under Rule 60(b). Raymond has therefore not established grounds to alter or amend the judgment under Rule 59(e) or for relief from judgment under Rule 60(b). For reasons set forth herein, in the Findings and Conclusions, and in the Amended Findings and Conclusions, Raymond's motion will be denied by separate order to be entered when appropriate. The parties have been asked to report shortly on plans to bring on the remaining Adversary counts for decision, and thus facilitate the coordinated appeals from judgments on all Counts of this Adversary Proceeding.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 15 day of September, 2009.