UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| RAYMOND PROFESSIONAL GROUP, INC., ) | |
| et al., ) | Bankruptcy No. 06 B 16748 |
| _____Debtors._____ ) | |
| RAYMOND PROFESSIONAL GROUP, INC., ) | |
| et. al. ) | |
| Plaintiff, ) | |
| RAYMOND MANAGEMENT SERVICES, ) | |
| INC. n/k/a RAYMOND PROFESSIONAL ) | |
| GROUP–DESIGN/BUILD, INC., ) | |
| Co-Plaintiff to Count VI ) | |
| v. ) | Adversary No. 07 A 00639 |
| WILLIAM A. POPE COMPANY ) | |
| _____Defendant._____ ) | |
| WILLIAM A. POPE COMPANY, ) | |
| Counter-Plaintiff as to Count VI ) | |
| v. ) | |
| RAYMOND PROFESSIONAL GROUP, INC. ) | |
| and RAYMOND MANAGEMENT SERVICES, ) | |
| INC. n/k/a RAYMOND PROFESSIONAL ) | |
| GROUP–DESIGN/BUILD, INC., ) | |
| _____Counter-Defendants._____ ) | |
| NATIONAL FIRE INSURANCE COMPANY ) | |
| OF HARTFORD, a Connecticut Corporation ) | |
| Intervening Plaintiff ) | |
| v. ) | |
| RAYMOND PROFESSIONAL GROUP, INC., ) | |
| RAYMOND PROFESSIONAL GROUP– ) | |
| DESIGN/BUILD, INC. and ) | |
| WILLIAM A. POPE COMPANY ) | |
| Intervening Defendants. ) | |

**AMENDMENT TO MEMORANDUM OPINION [Docket No. 475] ON AMENDED MOTION OF RAYMOND PROFESSIONAL GROUP, INC. AND RAYMOND MANAGEMENT SERVICE, INC. TO ALTER OR AMEND JUDGMENT IN COUNT VI OR, IN THE ALTERNATIVE, FOR RELIEF FROM JUDGMENT**

On August 14, 2009, Final Order of Judgment Count VI [Docket No. 430] was entered,

1

including a certification pursuant to Rule 54(b) Fed. R. Civ. P. (Rule 7054 Fed. R. Bankr. P.) that there was no just reason to delay enforcement or appeal of the Judgment. The Raymond parties moved to alter or amend the judgment and for relief from judgment on August 16, 2009, [Docket No. 434] and amended their motion on August 18, 2009 [Docket No. 438]. One issue argued by them was their objection to the Rule 54(b) certification. On September 15, 2009, a Memorandum Opinion was entered in response to the Raymond parties's motion, announcing that the motion would be denied but deferring entry of an order denying the motion until appropriate.

The purpose in delaying entry of that order was to bring related issues and Counts in this adversary proceeding to a final ruling so that all appeals resting on the same facts could be appealed with one record and one set of briefs. Indeed, one Seventh Circuit Panel opinion has pointed out that if the facts underlying several claims in a complaint are the same, a trial judge has no authority to enter an appealable judgment on just one of those claims. *Jack Walters & Sons Corp. v. Morton Bldg., Inc.*, 737 F.2d 698, 701–02 (1984) ("[I]f there is a great deal of factual overlap between the decided and the retained claims, they are not separate, and appeal must be deferred till the latter are resolved.").

Since entry of the Judgment, the parties have agreed to a fast trial on Counts II through V of the Complaint, and that trial commenced. All evidence admitted at trial on Count VI was admitted at the new trial, no other evidence was offered or admitted, and the parties have rested. A briefing schedule has been agreed upon for legal issues raised in those Counts, with final briefs due in January.

The Raymond parties have now moved to amend the Count VI Judgment to eliminate the Rule 54(b) certification. They rest essentially on their original timely filed motion to alter or

2

amend the judgment. Under the circumstances, the certification in the Count VI Judgment, which would trigger the necessity for immediate appeal on that Count, would be contrary to the obligation of this Court to administer the entire adversary proceeding to dispose of all Counts involving the same evidence before an appeal is taken on only one Count. Accordingly, by separate order, the motion to alter or amend the judgment will be granted for the limited purpose of deleting the Rule 54(b) certification, but will otherwise be denied.

The Pope objection to this is that the relief was not sought by motion within ten days. However, the original motion to alter or amend the judgment was timely filed and did request this relief. Since the rest of the case has been brought to a posture for early decision, it is therefore appropriate to amend the judgment.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this 24th day of September, 2009.