# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE | ) |
| | ) |
| RAYMOND PROFESSIONAL GROUP, INC., et al., | ) ) ) |
| | )Bankruptcy No. 06 B 16748 |
| Debtors. | ) |
| | ) |
| RAYMOND PROFESSIONAL GROUP, INC., et. al. | ) ) |
| Plaintiff, | ) ) |
| | ) |
| RAYMOND MANAGEMENT SERVICES, INC. n/k/a RAYMOND PROFESSIONAL GROUP–DESIGN/BUILD, INC., | ) ) ) |
| Co-Plaintiff to Count VI | ) |
| v. | ) |
| | )Adversary No. 07 A 00639 |
| | ) |
| WILLIAM A. POPE COMPANY | ) |
| Defendant. | ) |
| | ) |
| WILLIAM A. POPE COMPANY, | ) |
| Counter-Plaintiff as to Count VI | ) |
| v. | ) |
| | ) |
| RAYMOND PROFESSIONAL GROUP, INC. and RAYMOND MANAGEMENT SERVICES, INC. n/k/a RAYMOND PROFESSIONAL GROUP–DESIGN/BUILD, INC., | ) ) ) ) |
| Counter-Defendants. | ) |
| | ) |
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, a Connecticut Corporation | ) ) |
| Intervening Plaintiff | ) |
| v. | ) |
| | ) |
| RAYMOND PROFESSIONAL GROUP, INC., RAYMOND PROFESSIONAL GROUP– DESIGN/BUILD, INC. and WILLIAM A. POPE COMPANY | ) ) ) ) |
| Intervening Defendants. | ) |

## MEMORANDUM OPINION ON
## ALLOWANCE OF COSTS TO POPE ON COUNT VI

When Judgment was entered in Count VI in favor of William A. Pope Company, it was allowed taxable costs to be sought on notice and motion presented to the Court. Motion and Amended Motion for such costs was presented by it, partially objected to by the Defendants, and supported by Pope's Reply. In its Reply, Pope properly conceded a total of $2,754.55 in deductions from its amended request, leaving $38,729.12 as its total request.

Entry of costs is subject to discretion of the judge reviewing a request as to amount and reasonableness of costs asserted. Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co., 924 F.2d 633, 642 (7th Cir. 1991). Request for costs "should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

The procedure for reviewing disputed costs is therefore one that is to be short, efficient, and informed by the reviewing judge's experience with the extent and complexity of the litigation leading to judgment.

These disputing parties litigated for years in a pre-bankruptcy arbitration, a post-bankruptcy Adversary, and then in the preparation for and trial of Count VI which resulted in judgment that Pope owns an account then containing $3,072,550.44. That preparation and the trial itself were hard fought and often bitterly fought. The evidence and issues as described in the Findings of Fact and Conclusions of Law as amended [Docket Nos. 415 and 428] were complex. There was extensive discovery and many witnesses testified. The costs that are asserted are reasonable in amount in the context of that litigation, and they have been supported by affidavits and appended documents. For reasons set forth in Pope's Reply, the remaining objections by Defendants are overruled.

Therefore, an Allowed Bill of Costs (a copy of which is appended hereto as a part hereof) is separately being filed with the Clerk for entry. Pope is thereby allowed its remaining request for allowance of $38,729.12 in total costs.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this _____ day of November 2009.

# United States Bankruptcy Court

## Northern District of Illinois

In re Raymond Professional Group, Inc.

Bankruptcy Case No. 06 B 16748

Raymond Professional Group, Inc., et al.,

Debtor
Plaintiff

v.

Adversary Proceeding No. 07 A 639

William A. Pope Company

Defendant

**Allowed BILL OF COSTS (Count VI)**

Notice is given that the following Bill of Costs will be presented to the bankruptcy clerk at the following place and time:

| Address | Room |
|---|---|
| U.S. Bankruptcy Court<br>219 S. Dearborn St.<br>Chicago, IL 60604 | |
| | Date and Time |

Judgment was entered in the above entitled action on August 14, 2009 against Raymond Professional Group, Inc. et al.,

The clerk of the bankruptcy court is requested to tax the following as costs:

| | |
|---|---|
| Fee of the clerk | $ 150.00 |
| Fee for service of summons and complaint | $ |
| Fee of the court reporter for any and all parts of the transcript necessarily obtained for use in the case | $ 18,412.70 |
| Fees and disbursements for printing | $ 19605.42 |
| Fees for witnesses (itemized below) | $ 561.00 |
| Fees for exemplifications and copies of papers necessarily obtained for use in this case | $ |
| Docket fees under 28 U.S.C. §1923 | $ |
| Costs incident to taking of depositions | $ |
| Costs as shown on Mandate of appellate court | $ |
| Other costs [Please itemize] | $ |
| | $ |
| | $ |
| TOTAL | $ 38,729.12 |

### DECLARATION

I, attorney for William A. Pope Company declare under penalties of perjury that the foregoing costs are correct and were necessarily incurred in this action, that the services for which fees have been charged were actually and necessarily performed, and that a copy of this Bill of Costs was mailed this day with postage fully prepaid to:

Name and address of Judgment Debtor

Raymond Professional Group, Inc. et al., c/o Jason M. Torf
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606

Date | Signature of Attorney

COSTS ARE TAXED IN THE FOLLOWING AMOUNT AND INCLUDED IN THE JUDGMENT: $ 38,729.12

November 5, 2009 By: [signature] Judge

**WITNESS FEES** (computation, cf. 28 U.S.C. 1821 for statutory fees)

| NAME AND RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
|---|---|---|---|---|---|---|---|
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| XL Design Professionals | | $50.00 | | | | | |
| NFIC | | $50.00 | | | | | |
| RMS McGladrey | | $50.00 | | | | | |
| United Healthcare | | $50.00 | | | | | |
| Willis of Illinois | | $50.00 | | | | | |
| Village Bank & Trust | | $50.00 | | | | | |
| D. Chidley | | $50.00 | | | | | |
| J. Chidley | | $50.00 | | | | | |
| DLA Piper, LLP | | $50.00 | | | | | |
| Schiff Hardin, LLP | | $50.00 | | | | | |
| JP Morgan Chase | | $11.00 | | | | | |
| J. O'Brien | | $50.00 | | | | | |
| | | | | | | TOTAL | $561.00 |

**NOTICE**

**Section 1924, Title 28, U.S. Code provides:**
"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the service for which fees have been charged were actually and necessarily performed."

**Section 1920 of Title 28 reads in part as follows:**
"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Bankruptcy Rules contain the following provisions:**
**Bankruptcy Rule 7054(b)**
"COSTS. The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides. Costs against the United States, its officers and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice; on motion served within five days thereafter, the action of the clerk may be reviewed by the court."

**Bankruptcy Rule 9006(f)**
"ADDITIONAL TIME AFTER SERVICE BY MAIL. When there is a right or requirement to do some act or undertakes some proceeding within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail, three days shall be added to the prescribed period."

**Bankruptcy Rule 9021(a)(in part)**
"Entry of the judgment shall not be delayed for the taxing of costs."