UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| RAYMOND PROFESSIONAL GROUP, INC., ) | |
| et al., ) | Bankruptcy No. 06 B 16748 |
| Debtors. ) | (Jointly Administered) |
| RAYMOND PROFESSIONAL GROUP, INC., ) | |
| Plaintiff, ) | |
| RAYMOND MANAGEMENT SERVICES, ) | |
| INC., n/k/a RAYMOND PROFESSIONAL ) | |
| GROUP–DESIGN/BUILD, INC., ) | |
| Co-Plaintiff to Count VI ) | |
| v. ) | Adversary No. 07 A 00639 |
| WILLIAM A. POPE COMPANY, ) | |
| Defendant. ) | |
| WILLIAM A. POPE COMPANY, ) | |
| Counter-Plaintiff as to Count VI ) | |
| v. ) | |
| RAYMOND PROFESSIONAL GROUP, INC., ) | |
| and RAYMOND MANAGEMENT SERVICES, ) | |
| INC., n/k/a RAYMOND PROFESSIONAL ) | |
| GROUP–DESIGN/BUILD, INC., ) | |
| Counter-Defendants. ) | |
| NATIONAL FIRE INSURANCE COMPANY ) | |
| OF HARTFORD, a Connecticut Corporation ) | |
| Intervening Plaintiff ) | |
| v. ) | |
| RAYMOND PROFESSIONAL GROUP, INC., ) | |
| RAYMOND PROFESSIONAL GROUP– ) | |
| DESIGN/BUILD, INC., and ) | |
| WILLIAM A. POPE COMPANY, ) | |
| Intervening Defendants. ) | |

## MEMORANDUM OPINION ON COUNT I

The debtor-plaintiff in Count I of this Adversary proceeding is represented by conflicted

counsel. The conflict arose because a related debtor, also represented by the same counsel, has a

1

contractual claim to a large fund that this plaintiff seeks to usurp. Prior orders relating to that conflict have been violated. It will be found and held that disqualification of counsel representing Plaintiff and dismissal of Count I with prejudice is appropriate in such a situation, and a separate order to that effect will be entered.

## HISTORY AND PLEADINGS

This Adversary proceeding involves a dispute over ownership of a certain bank account (the "Account"). The two debtor-plaintiffs in this proceeding are Raymond Professional Group, Inc., ("RPG") and Raymond Management Services, Inc., n/k/a Raymond Professional Group–Design/Build, Inc. ("RMS"). RPG is the 100% shareholder of RMS, and the two are represented by the same counsel, Schiff Hardin LLP ("Schiff"). In other Counts, RPG and RMS have jointly sought relief against a claimant to the Account, defendant William A. Pope Company ("Pope"). Counts II through V of the six-count Complaint were brought jointly by RPG and RMS, and seek to avoid a pre-bankruptcy arbitration award (the "Award") as an improper transfer under various theories. Count VI, which was also brought jointly by RPG and RMS, sought a declaration that Pope did not own the Account. Count VI was severed from the other Counts for separate trial, and judgment was entered on that Count in favor of Pope. Count I was brought only by RPG, and seeks a judgment declaring, among other things, that RPG alone owns the Account.

After a trial on Count VI, it was found and held that only RMS and Pope ever had a claim to the Account, and that Pope now owns the Account. *See generally In re Raymond Prof'l Group, Inc.*, 408 B.R. 711 (Bankr. N.D. Ill. 2009), *amended by* 410 B.R. 813 (Bankr. N.D. Ill. 2009) (Docket Nos. 415, 428). Despite that ruling, Schiff and RPG indicated their intention to

proceed with Count I even though Schiff also represented RMS, which had a contractual claim to the Account whereas RPG had no such claim. Based upon this asserted conflict, Pope moved to disqualify Schiff. In response, RPG and Schiff moved to dismiss Count I voluntarily without prejudice under Rule 41(a)(2) Fed. R. Civ. P. [Rule 7041 Fed. R. Bankr. P.].

Pope's Motion to Disqualify was allowed in part on December 17, 2009. *See generally In re Raymond Prof'l Group, Inc.*, 421 B.R. 891 (Bankr. N.D. Ill. 2009). In the Memorandum Opinion of that date, it was found and held that Schiff's representation of RPG in Count I created an actual conflict with the interests of RMS and its creditors, including Pope. *Id.* at 904–05. Two orders entered pursuant to that Opinion are now relevant. In the first, Schiff was disqualified and removed as counsel for RMS in connection with Count I. (Order on Pope's Motion to Disqualify [Docket No. 557] ¶ 1.) In the second, RPG and Schiff were ordered to file a statement setting forth their selection among three alternatives for resolution of their Motion to Voluntarily Dismiss Count I Without Prejudice. (Order on RPG's Motion to Dismiss [Docket No. 551] ¶ 1.) Those three options were: (1) dismissal of Count I without prejudice upon condition that RPG pay Pope's fees and costs; (2) dismissal of Count I with prejudice; or (3) withdrawal of the Motion to Dismiss. (*Id.*) Under both Orders, RMS was ordered to obtain new and independent counsel within twenty-one days to represent its interests in that Count I, and Count I was to be dismissed with prejudice if RMS did not do so. (Order on Pope's Motion to Disqualify ¶ 1; Order on RPG's Motion to Dismiss ¶ 2.)

RMS did not obtain independent counsel within the twenty-one-day period, and with so many months having passed following the foregoing ruling, it is clear that RMS will not be obtaining new counsel at all. On January 11, 2010, RPG and RMS, through Schiff, filed a joint

3

Statement of Procedure with Respect to Count I [Docket No. 566]. In that Statement, RPG and RMS, through Schiff, said that they would withdraw the Motion to Dismiss Count I and requested either that Count I be held in abeyance or that judgment be entered denying Count I as moot. However, no motion has been filed or presented for withdrawal of the Motion to Dismiss Count I.

## DISCUSSION

A federal court has the inherent authority to dismiss a case *sua sponte* and control its docket. *Moser v. Universal Eng'g Corp.*, 11 F.3d 720, 723 (7th Cir. 1993) (*citing Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1961)). While the power to dismiss with prejudice is often invoked to dismiss cases for lack of prosecution, it is also available "to ensure compliance with court orders and rules." *Id.* at 723, 725. "This power derives from the need for courts 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases,' and extends beyond the powers enumerated in the Federal Rules of Civil Procedure." *Id.* (*quoting Link*, 370 U.S. at 630–31). "It is one of many sanctions available to federal courts when faced with improper behavior by attorneys or parties to a lawsuit." *Id.* at 725.

However, the power to dismiss with prejudice *sua sponte* should be used carefully. *Id.* At the very least, the plaintiff should be given notice that the case may be dismissed with prejudice and an opportunity to contest the dismissal. *Id.* at 726.

### A. Dismissal With Prejudice is Appropriate Because RPG, RMS, and Schiff Failed to Comply with the December 17, 2009, Orders

RPG, RMS, and Schiff have violated the Orders issued on December 17, 2009, in several respects. First, RMS has not obtained new and independent counsel, and RPG (as RMS's 100%

4

shareholder) has not caused it to do so. Under terms of those Orders, this violation alone is sufficient for a dismissal of Count I with prejudice. Second, despite being disqualified as counsel for RMS as to Count I, Schiff filed a proposed Statement of Procedure on behalf of both RPG and RMS. Schiff thereby disregarded the Order on Pope's Motion to Disqualify and continues in violation of both that Order and its ethical obligations by acting as if it represents both RPG and RMS with respect to Count I while it is disqualified from doing so. Third, while RPG and Schiff said that they elected to withdraw Count I, one of the three available alternatives set out in the Order on RPG's Motion to Dismiss, they have not moved to do so, but have instead requested a judgment against RPG on that Count. By doing so, they ignored the portion of the Order on RPG's Motion to Dismiss that specifically barred them from pursuing Count I unless and until RMS obtained new counsel. Being in conflict, it is not within their right to ask for any order in Count I.

It is well established that conflict rules are more strictly applied in bankruptcy than in other areas of law in order to maintain the integrity of the bankruptcy process. *In re Rusty Jones, Inc.*, 134 B.R. 321, 346 (Bankr. N.D. Ill. 1991) (criticized on other grounds by *In re Grabill Corp.*, 983 F.2d 773, 777 (7th Cir. 1993)). Allowing RPG and Schiff to proceed on Count I when they have been specifically barred from doing so and when Schiff is in conflict with the interests of its other client RMS would violate this principle. RPG and Schiff cannot be permitted to proceed in such an improper fashion.

Additionally, if Count I is not dismissed, it could remain pending indefinitely if RPG and Schiff withdraw their Motion to Voluntarily Dismiss and RMS does not obtain new counsel. As long as RMS does not have new counsel, RPG and Schiff cannot proceed with Count I. Under

Schiff representation, RPG cannot maintain Count I for even a moment, for it cannot use counsel that is in actual conflict with RMS's interests so long as RMS is unrepresented by independent counsel. Therefore, Count I is now at a standstill, with no plaintiff able to proceed. Worse, on this procedural posture, RPG could keep Count I inactive but alive as long as it chose to, because as the 100% shareholder of RMS, it could simply cause RMS to refrain from hiring new counsel.

Because RPG, RMS, and Schiff have violated court orders, because Schiff remains conflicted, and because Count I could remain pending indefinitely in its current procedural posture, it is appropriate to dismiss Count I with prejudice. The next question is whether the RPG and Schiff had notice and an opportunity to contest dismissal.

## B. RPG, RMS, and Schiff Had Notice That Count I Would Be Dismissed with Prejudice and Had an Opportunity to Contest Dismissal

RPG and Schiff clearly had notice that Count I might be dismissed with prejudice. Both the Order On Pope's Motion to Disqualify and the Order on RPG's Motion to Dismiss warned that Count I would be dismissed with prejudice if RMS did not obtain counsel within twenty-one days of those Orders. Also, RPG and Schiff did attempt to contest dismissal with prejudice, although, as discussed below, their arguments are not persuasive.

First, RPG and Schiff assert that "[t]he estates have virtually no assets with which to hire new and independent counsel for RMS, even if there were a desire to do so." (Statement at 3.) In the normal economics of the law profession, contingent fee counsel may sometimes be found to represent clients who lack funds to finance a lawsuit. But RPG and Schiff did not state that RMS tried and failed to obtain counsel. Rather, they assert only that "it would simply be impossible for RMS to obtain independent counsel and cause it to appear at this point given its lack of funds."

(*Id.*) RMS cannot cry poor when it has not even tried to obtain counsel, and it certainly cannot do so through Schiff, which has been disqualified from making any representations on behalf of RMS in Count I. That RPG, RMS, and Schiff failed to plan for this eventuality cannot excuse a proper resolution of the present conflict problem. There is no reason why the financial situation of the bankruptcy estates should or may allow counsel to represent interests in Count I that are in actual conflict.

Second, RPG and Schiff ask that Count I be held "in abeyance". Essentially, they are attempting to keep the issue in hibernation, to awake if and when the judgment in Count VI is overturned. But that would require Count I to remain pending indefinitely, subject to possible opposition by Pope through a motion for summary judgment based on the Judgment in Count VI. As discussed above, RPG and Schiff cannot proceed with Count I while RMS is unrepresented, and leaving Count I pending indefinitely, subject only to RPG's whims, is unacceptable.

Third, RPG and Schiff seek to "deny Count I as moot." It is not clear what is requested by that. In the Statement of Procedure, this proposed alternative is entitled "Deny Count I as moot," but it continues, "Debtors propose that the Court enter judgment denying Count I for the same reasons it ruled on Count VI." Count I certainly could not be "denied" as moot: moot claims are nonjusticiable and no judgments can be entered on them. Even so, Count I is not moot. "A case becomes moot when a party's legally cognizable interest in the litigation ceases to exist, and the case must be dismissed for lack of jurisdiction. A case may become moot if the court can no longer affect the rights of litigants in the case." *Evers v. Astrue*, 536 F.3d 651, 662 (7th Cir. 2008) (internal citations and quotations omitted). The Judgment entered in Count VI found and held that: (1) Pope and RMS were the only parties that ever had a possible interest in the Account

7

in issue; (2) of those two parties, only Pope now has rights in the Account; and (3) neither RMS nor RPG now own the Account. *See In re Raymond Prof'l Group, Inc.*, 408 B.R. 711, 738–41 (Bankr. N.D. Ill. 2009), *amended by In re Raymond Prof'l Group, Inc.*, 410 B.R. 813, 813–15 (Bankr. N.D. Ill. 2009). RPG and RMS appealed that Judgment, so there is still a live controversy as to who owns the Account, and the rights of RPG, RMS, and Pope may yet be affected by results of that appeal.

RPG and Schiff instead may be requesting a final judgment on Count I based on the same findings and conclusions that were made and entered after trial on Count VI. However, no party has made any sort of procedural step towards requesting a judgment, such as moving for summary judgment. Entry of judgment without any procedural basis would be inappropriate and potentially adverse to the interests of RMS, which is unrepresented in Count I. Moreover, RPG and Schiff were explicitly barred from pursuing Count I until RMS obtained new counsel. Formally requesting judgment would certainly qualify as "pursuing" Count I, and would only put RPG and Schiff in further violation of the Order on RPG's Motion to Dismiss and further justify dismissal of Count I with prejudice.

## CONCLUSION

For reasons stated above and in *In re Raymond Professional Group, Inc.*, 421 B.R. 891 (Bankr. N.D. Ill. 2009), the Schiff firm will be disqualified from representing RPG in Count I, and Count I will be dismissed with prejudice by separate order.

Dismissal of Count I with prejudice will put an end to that Count, but will not interfere with further assertions of claims by RMS and RPG jointly against Pope, which they may jointly pursue through their appeals of judgments in other Counts. Should one or more appeals be

successful, and should the Schiff firm continue in its attempt to represent both RPG and RMS in determining between those debtors which of them has rights to the Account, the conflict issues might again need to be confronted.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 20th day of May, 2010.